**DAVIS et al. v. BODENHEIMER et al.**

Court of Appeals of Kentucky.

Oct. 23, 1953.

J. Milton Luker, London, for appellants.

Lewis & Weaver, London, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment sustaining the plea of res adjudicata of the appellee, L. F. Bodenheimer. In 1950, Mary Prewitt Davis and her husband, Samuel Davis, instituted an action against L. F. Bodenheimer in which they alleged that they were the owners and entitled to possession of an 80-acre tract of land. They asserted title by reason of a deed from J. B. and Maggie Sells, and also alleged that they had been in adverse possession of the land for more than 15 years. They alleged further that Bodenheimer was claiming to be the owner of the land under a purported deed from Maggie Sells. In an amended petition they set forth that the deed under which they claimed title had been destroyed and was never recorded. In his answer Bodenheimer set up his claim to the land under a deed from Maggie Sells, and he admitted that he claimed to be the owner of the 80-acre tract. Both parties introduced proof in support of their claims to the land in dispute. The trial resulted in a judgment in favor of Bodenheimer, and he was placed in possession of the land. No appeal was prosecuted from that judgment, which was entered in July, 1950.

In December, 1950, the Davises instituted the action now before us to have Bodenheimer and Earl Neeley, to whom Bodenheimer had conveyed a portion of the 80-acre tract in dispute, ejected therefrom. The Davises set up their claim to the land under a deed executed by J. B. and Maggie Sells in 1934. A copy of the deed, which had been recorded in November, 1950, was filed with the petition. Bodenheimer and Neeley filed a general demurrer to the peti-

tion, and, without waiving the demurrer, Bodenheimer filed a separate answer wherein he set forth a plea of res adjudicata because of the judgment in his favor in the prior action. Bodenheimer's plea of res adjudicata was sustained. This appeal followed.

We think the chancellor properly disposed of the case. Title to the 80-acre tract of land was the subject of both actions. Evidence of ownership was essential in each case. In Wingfield v. Dockins, Ky., 251 S.W.2d 855, we pointed out that the doctrine of res adjudicata is that a right, question or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery, cannot be disputed in a subsequent action by the same parties or their privies. In that case, Dockins' plea of res adjudicata in an action filed by the Wingfields to quiet title was sustained because Dockins' claim to the land had been upheld in a former action of trespass filed by the Wingfields against him.

Judgment affirmed.